UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| KENNETH O'HANLON, | * |
| | * |
| Plaintiff, | * |
| | *   CASE NO.: 1:05-cv-00421-CG-C |
| vs. | * |
| | * |
| FIRST NATIONAL BANK OF OMAHA, | * |
| N.A. and EQUIFAX INFORMATION | *   JURY TRIAL DEMANDED |
| SERVICES, LLC, | * |
| | * |
| Defendants. | * |

## COMPLAINT

COMES NOW the Plaintiff, by and through the undersigned attorney, hereby states the following causes of action against Defendants.

### PARTIES

1.  Plaintiff is a natural person and resident of Mobile, Mobile County, Alabama. He is a "consumer" as defined by § 1681a(c) of the Fair Credit Reporting Act.

2.  Defendant is First National Bank of Omaha, N.A. (hereinafter First National) is a corporation or other entity doing business in Alabama. First National is both a user and a furnisher of consumer credit information.

3.  Defendant Equifax Information Services (hereinafter Equifax) does business in the Southern District of Alabama and is a consumer-reporting agency as defined in 15 U.S.C. § 1681(f) of the Fair Credit Reporting Act (the Act) and/or a user of consumer credit reports.

4.  This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendants are liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

### FACTUAL ALLEGATIONS

5.  When reviewing his statement from First National Plaintiff noticed that there were disputed charges included in it.

6.   Plaintiff promptly contacted First National as required by the Fair Credit Billing Act and requested that the disputed charges be removed.

7.   Shortly there after plaintiff requested an increase in a credit line with another company and was denied based on a consumer report from Equifax.

8.   After reviewing his Equifax report plaintiff learned that First National was reporting derogatory information about him. He then requested Equifax to "reinvestigate" the disputed First National trade line.

9.   The defendants, First National and Equifax did not do an adequate investigation of the First National account and the First National account is still being reported in a derogatory manner. In fact, defendants stated that the account was "verified."

10.  First National has reported to various other consumer reporting agencies and others that Plaintiff was delinquent and had defaulted on his account. Further First National reported that Plaintiff's account had a "status code 1" which is derogatory.

## COUNT ONE
## FAILURE TO COMPLY WITH § 1681s-2(b)
## OF THE FAIR CREDIT REPORTING ACT

11.  Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

12.  This is a count against defendant First National for its failure to comply with the Fair Credit Reporting Act and 15 U.S.C. § 1681s-2(b).

13.  After receiving notice of the dispute from plaintiff and Equifax First National:

(a)   Failed to conduct an adequate investigation with regard to the disputed information;

(b)   Failed to review all relevant information provided by the consumer and provided by consumer reporting agencies;

(c)   Failed to promptly investigate and report the investigation of the consumer to consumer reporting agencies continued to report the same misleading and inaccurate information complained of above and otherwise violated the FCRA.

**WHEREFORE**, plaintiff demands judgment against defendant First National for attorneys' fees and costs, actual and punitive damages.

## COUNT TWO
## TILA (Fair Credit Billing Act)

14. The relevant above and foregoing paragraphs are re-alleged as if fully set out herein.

15. This is a count against First National for actual damages, statutory relief, punitive damages and attorneys fees for violation of the Fair Credit Billing Act (part of the Truth in Lending Act), 15 U.S.C. §1666 and Regulation Z against defendant First National.

16. At all times relevant hereto, First National, in the ordinary course of business, regularly extended open-end consumer credit, pursuant to a credit card or open account on which it assessed finance charges.

17. Within 60 days of the receipt of documents from First National purporting to show plaintiff that he owed certain monies to First National plaintiff notified it in writing and telephonically that the amount was not owing and that a billing error had occurred.

18. Within 60 days after transmission of the documents plaintiff sent or caused to be sent notices in writing disputing the charges to First National.

19. First National did not, within 30 days after receiving plaintiff's notices, investigate and correct or explain the charge, as required by 15 U.S.C. § 1666(a)(3)(A) or sent plaintiff a written acknowledgement of its receipt of plaintiff's notices within that period.

20. Defendant did not, within two complete billing cycles after receipt of the notices; either correct the error and transmit to plaintiff a notification of the corrections or adequately investigate the error and send plaintiff a written explanation.

21. Despite its receipt of plaintiff's notices, and before meeting the requirements of 15 U.S.C. § 1666 to either correct the error or investigate and send an explanation of the charges, defendant made an adverse credit report regarding plaintiff.

22. Despite its receipt of plaintiff's notices, and before meeting the requirements of 15 U.S.C. § 1666 to either correct the error or investigate and send an explanation of the charges, defendant took action to collect the disputed amount by calling plaintiff and sending plaintiff duns demanding payment.

23. Defendant's actions caused plaintiff actual damages as stated herein.

WHEREFORE, plaintiff prays for actual damages; statutory damages pursuant to 15 U.S.C. § 1640(a)(2), costs and attorney fees, punitive damages; such other relief as the Court deems proper.

## COUNT THREE
### Violations of 15 U.S.C. § 1681i and 15 U.S.C. § 1681e(b) by Equifax

24. Plaintiff realleges the relevant forgoing paragraphs.

25. This is a count against defendant Equifax for violations of the Fair Credit Reporting Act specifically § 1681i and § 1681e(b).

26. Defendant, Equifax, issued, assembled, transferred and published "consumer reports," regarding Plaintiff, as defined in the Fair Credit Reporting Act.

27. Defendant, Equifax, has continually added, stored, maintained and disseminated personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer report(s) and disseminated in violation of 15 U.S.C. 1681e(b).

28. Equifax, failed to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff and/or subscribers that such information was erroneous.

29. Through its actions and inactions Equifax, as described herein, caused great and irreparable injury to Plaintiff.

30. Equifax, created, maintains and utilizes a credit reporting system which is defective and does not comply with the Fair Credit Reporting Act or other laws governing Defendant's actions.

31. Equifax has improperly posted account and other data to Plaintiff's credit file(s).

32. Equifax, failed and refused to send First National "all relevant information regarding the dispute that the agency [Equifax] has received from the consumer" in violation of 15 U.S.C. 1681i(a)(2)(A).

33. In addition to actual or compensatory damages for its negligent and intentional conduct, Equifax is liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under Alabama law, and/or for willful violation(s) of the provisions of the Fair Credit Reporting Act or other applicable federal and/or state laws.

WHEREFORE, plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

RESPECTFULLY, submitted on this the 28th day of July 2005.

EARL P. UNDERWOOD, JR.
UNDEE6591
Attorney for Plaintiff
PO Box 969
Fairhope, Alabama 36533
(251) 990-5558 voice
(251) 990-0626 fax

**Please serve by certified mail**

PLAINTIFF DEMANDS A TRIAL BY JURY

_____
EARL P. UNDERWOOD, JR.